IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GABRIEL COLON, | ) |
| Plaintiff, | ) |
| | ) Case No. 2:17-cv-5458 |
| v. | ) |
| GRANDE PRODUCE LTD., CO. | ) JURY TRIAL DEMANDED |
| Defendants. | ) |

## COMPLAINT

Plaintiff, GABRIEL COLON, by and through his attorneys of record, Robins Cloud LLP and Burnett Law Firm, files this complaint against Defendant, GRANDE PRODUCE LTD., CO. and shows that:

## PARTIES

1. At all times relevant to this action, Plaintiff resides in Passaic, Passaic County, New Jersey. Plaintiff is a citizen of the State of New Jersey.

2. At all times relevant to this action, Defendant Grande Produce Ltd., Co. ("Grande Produce") was a Texas corporation with its principal place of business located at 109 W. Dicker Rd., Suite A, San Juan, Texas 78589. Grande Produce distributes and sells imported food nationwide. Grande Produce sold and/or distributed imported papayas that were consumed in New Jersey.

3. This cause of action arises from Gabriel Colon's development of *Salmonella* food poisoning after eating of *Salmonella*-contaminated food products (papayas) sold and/or distributed by Grande Produce in New Jersey.

1

## JURISDICTION AND VENUE

4. This Court is vested with jurisdiction of this action pursuant to 28 USC §1332(a) because the matter in controversy.

5. The matter is between citizens of different states, and the matter in controversy exceeds the sum or value of $75,000.00.

6. Venue is proper in this Court pursuant to 28 USC §1391 because the defendant, a corporation, is subject to personal jurisdiction in this judicial district at the time of the commencement of the action, and because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

7. As used in this Complaint, the terms "defendant," "defendants," or "defendant corporations" shall include the party defendants identified in paragraph 2 hereof, and their predecessors and successors, which shall include, but not be limited to, any person, corporation, company of business entity which formed part of any combination, consolidation, merger, or reorganization from which any party defendant was created or was the surviving corporation of other entity, or into which any party defendant was merged, consolidated, or reorganized; whose assets, stock, property, employees, customers, good will, products, or product line was acquired by or from any party defendant; or which was dominated or controlled by any party defendant to such an extent that said party defendant was the "alter ego" of said corporation.

8. Plaintiff's cause of action arises from Defendant's: (a) transacting business in the State of New Jersey; (b) contracting to supply and/or sell goods in the State of New Jersey; (c) doing or causing a tortious act to be done within the State of New Jersey; and/or (d) causing the consequence of a tortious act to occur within the State of New Jersey.

**FACTS**

9. As of July 26, 2017, the U.S. Food and Drug Administration was working with the Centers for Disease Control and Prevention (CDC), and state officials to investigate a multistate outbreak of 47 Salmonella Kiambu infections. The New Jersey Department of Public Health reported that 12 of those infected are New Jersey residents. The CDC and FDA have linked Yellow Maradol Papayas ("papayas") as the source for the illnesses.

10. Defendant, an importer and distributor of papayas, issued a limited recall for the papayas on July 25, 2017 in response to the FDA and the CDC's warnings and notices.

11. The recalled Yellow Maradol Papayas were distributed by Grande Produce and sold to retailers from at least May 2017 – July 25, 2017 at various stores throughout the United States, including retailers in Passaic County, New Jersey. The papayas were sold as individual fruit with the sticker brand "Caribeña."

12. Most people infected with *Salmonella* develop diarrhea, fever, and cramps within 12 to 72 hours after infection. The illness usually lasts 4 to 7 days, and most people recover without treatment. However, in some people, the diarrhea may be so severe that the patient needs to be hospitalized. In these patients, the *Salmonella* infection may spread from the intestines to the blood stream, and then to other body sites and can cause death unless the person is treated promptly with antibiotics. In some cases, those infected may also develop reactive arthritis, or a painful inflammation of the joints which can last for years. Young children, the elderly, and those with compromised immune systems are the most likely to have severe infections. The CDC estimates that approximately 400 persons die each year with acute salmonellosis.

13. In late June, 2017, Plaintiff Gabriel Colon consumed a *Salmonella*-contaminated papaya that had been purchased at a market in New Jersey. The contaminated papays had been distributed

and sold by Defendant.

14. Mr. Colon first became ill on or about June 28, 2017. By the next day, he was suffering from a variety of symptoms, including: nausea, vomiting, diarrhea, and stomach cramps.

15. On June 29, 2017, Mr. Colon was admitted to Hackensack University Medical Center, inHackensack, New Jersey.

16. Lab tests confirmed that Mr. Colon's diagnosis was *Salmonella.*

17. As a result of his *Salmonella*-induced illness, Mr. Colon has suffered severe injuries, severe physical injuries, and substantial economic loss.

18. As a further result of his *Salmonella*-induced illness, Mr. Colon continues to recover and faces uncertain future medical complications.

## CAUSES OF ACTION

## COUNT I: STRICT PRODUCT LIABILITY

19. Plaintiff incorporates the preceding paragraphs of this Complaint, by this reference, as if each of these paragraphs were set forth here in its entirety.

20. At all times relevant to this action, Defendant was a seller and distributor of the *Salmonella*-contaminated papaya food product that caused Plaintiff's injuries.

21. Defendant's distributed a food product for sale to the public.

22. The *Salmonella* contaminated papaya food product that Defendant distributed and sold was, at the time it left the control of Defendant, defective because it contained *Salmonella*, a potentially lethal pathogen, and was thus in a condition not contemplated by the ultimate consumer.

23. The defective condition of the *Salmonella* contaminated papaya that Defendant distributed and sold caused the papaya to be unreasonably dangerous because the product posed

a risk beyond what an ordinary consumer would have contemplated when purchasing the product.

24. The *Salmonella* contaminated papaya that Defendant distributed and sold was delivered to Plaintiff without any change in its defective condition. The adulterated papaya food product that Defendant distributed and sold was used in the manner expected and intended, when it was consumed by Plaintiff.

25. Therefore, Defendant is strictly liable to Plaintiff for the harm proximately caused by the distribution and sale of an unsafe and defective food product.

26. The food products that Plaintiff purchased and consumed were contaminated with *Salmonella* when they left the control of Defendant. Plaintiff's consumption of the contaminated food caused him to become infected by *Salmonella* and to suffer serious injuries as a direct and proximate result of that consumption.

27. As a direct and proximate result of Defendant's distribution and sale of *Salmonella* contaminated papaya, Plaintiff was infected with *Salmonella,* causing him to suffer substantial economic damages. Plaintiff is thus entitled to an award for lost medical and medically-related expenses, both past and future, in a final amount to be determined at trial.

28. As a further direct and proximate result of Defendant's distribution and sale of *Salmonella* contaminated papaya, Plaintiff has suffered non-economic damages, including, but not limited to: damages for general pain and suffering; damages for loss of enjoyment of life, both past and future; emotional distress, and future emotional distress; lost familial consortium; and all other ordinary, incidental and consequential non-economic damages as would be anticipated to arise under the circumstances, and she is thus entitled to an award of non-economic damages in a final amount to be determined at trial.

## COUNT II: NEGLIGENCE

29. Plaintiff incorporates the preceding paragraphs of this Complaint, by this reference, as if each of these paragraphs were set forth here in its entirety.

30. Defendant prepared, distributed, and/or sold food products that were contaminated with *Salmonella*, a potentially deadly pathogen.

31. The Defendant owed to Plaintiff a duty to use reasonable care in the distribution and sale of its papaya food product, the observance of which duty would have prevented or eliminated the risk that the Defendant's food product would become contaminated with *Salmonella* or any other dangerous pathogen. Defendant breached this duty by failing to exercise reasonable care in the distribution and sale of the papaya product.

32. Defendant had a duty to properly supervise, train, and monitor its employees, and to ensure its employees' compliance with all applicable statutes, laws, regulations, or safety codes pertaining to the distribution, storage, and sale of similar food products, but Defendant failed to do so. Defendant failed to properly supervise, train, and monitor its employees, and to ensure its employees' compliance with all applicable statutes, laws, regulations, or safety codes pertaining to the manufacture, distribution, storage, and sale of its papaya food product, and was therefore negligent.

33. Defendant had a duty to use ingredients, supplies, and other constituent materials that were reasonably safe, wholesome, free of defects, from reliable sources, and that otherwise complied with applicable federal, state, and local laws, ordinances, and regulations, and that were clean, free from adulteration, and safe for human consumption, but Defendant failed to do so. Defendant failed to use ingredients, supplies, and other constituent materials that were reasonably safe, wholesome, free of defects, from reliable sources, and that otherwise complied

with applicable federal, state, and local laws, ordinances, and regulations, and that were clean, free from adulteration, and safe for human consumption, in its distribution and sale of the papayas food product, and was therefore negligent.

34.     Defendant had a duty to comply with all applicable state and federal regulations intended to ensure the purity and safety of its food product, including the requirements of the Federal Food, Drug and Cosmetics Act (21 U.S.C. § 301 *et seq*.), and the New Jersey adulterated food statutes. Defendant failed to comply with the provisions of the health and safety acts identified above, by distributing and selling a papaya food product which was contaminated with *Salmonella*, a deadly pathogen, and, as a result, was negligent *per se* in its distribution and sale of the adulterated food product.

35.     Defendant had a duty to comply with all statutes, laws, regulations, or safety codes pertaining to the distribution, storage, and sale of its food product, but failed to do so.  Defendant failed to comply with statutes, laws, regulations and safety codes pertaining to the distribution, storage and sale of papaya food products, and was therefore negligent. Plaintiff was among the class of persons designed to be protected by these statutes, laws, regulations, safety codes or provision pertaining to the distribution, storage, and sale of similar papaya food products.

36.     As a direct and proximate result of Defendant's negligence, Plaintiff was infected with *Salmonella,* causing him to suffer substantial economic damages. Plaintiff is thus entitled to an award for lost medical and medically-related expenses, both past and future, in a final amount to be determined at trial.

37.     As a further direct and proximate result of Defendant's negligence, Plaintiff has suffered non-economic damages, including, but not limited to: damages for general pain and suffering; damages for loss of enjoyment of life, both past and future; emotional distress, and future

emotional distress; lost familial consortium; and all other ordinary, incidental and consequential non-economic damages as would be anticipated to arise under the circumstances, and he is thus entitled to an award of non-economic damages in a final amount to be determined at trial.

### COUNT III:  BREACH OF IMPLIED AND EXPRESS WARRANTIES

38. Plaintiff incorporates the preceding paragraphs of this Complaint, by this reference, as if each of these paragraphs were set forth here in its entirety.

39. By offering food products for sale to the public, Defendant expressly and/or impliedly warranted that such food products were safe to eat, were not adulterated with a deadly and dangerous pathogen, and that the food products had been safely prepared under sanitary conditions.

40. Defendant breached its implied and express warranties about the food they distributed, prepared, and sold to Plaintiff, which was consumed by Plaintiff, causing Plaintiff's injuries and losses.

41. Defendant is liable to Plaintiff for breaching express and implied warranties that they made regarding the *Salmonella* contaminated adulterated papaya product that caused Plaintiff's injuries. These express and implied warranties included the implied warranties of merchantability and/or fitness for a particular use. Specifically, Defendant expressly warranted, through its sale of the papaya product to the public and by the statements and conduct of its employees and agents, that the papaya product it sold and distributed was fit for human consumption and not otherwise adulterated or injurious to health.

42. The *Salmonella* contaminated papaya that caused Plaintiff's injuries would not pass without exception in the trade, and the sale of that contaminated papaya food product was, therefore, in breach of the implied warranty of merchantability.

43. The *Salmonella* contaminated food that caused Plaintiff's injuries was not fit for the uses and purposes intended, *i.e.* human consumption, and the sale of that contaminated papaya food product was therefore in breach of the implied warranty of fitness for its intended use.

44. As a direct and proximate result of Defendant's breach of express and implied warranties regarding the contaminated papaya product, Plaintiff was infected with *Salmonella,* causing him to suffer substantial economic damages. Plaintiff is thus entitled to an award for lost medical and medically-related expenses, both past and future, in a final amount to be determined at trial.

45. As a further direct and proximate result of Defendant's breach of express and implied warranties regarding the contaminated papaya, Plaintiff has suffered non-economic damages, including, but not limited to: damages for general pain and suffering; damages for loss of enjoyment of life, both past and future; emotional distress, and future emotional distress; lost familial consortium; and all other ordinary, incidental and consequential non-economic damages as would be anticipated to arise under the circumstances, and he is thus entitled to an award of non-economic damages in a final amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays as follows:

1. That the Court award Plaintiff judgment against Defendant for damages;
2. That the Court award all such other sums as shall be determined to fully and fairly compensate Plaintiff for all general, special, incidental and consequential damages incurred, or to be incurred, by Plaintiff as the direct and proximate result of the acts and omissions of Defendant;
3. That the Court award Plaintiff costs, disbursements, and reasonable attorneys' fees incurred;

4. That the Court award Plaintiff the opportunity to amend or modify the provisions of this Complaint as necessary or appropriate after additional or further discovery is completed in this matter, and after all appropriate parties have been served; and

5. That the Court award such other and further relief as it deems necessary and proper in the circumstances.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury on all issues raised herein.

Dated: July 26, 2017.                                   Respectfully submitted,

By: __/s/ Karen H. Beyea-Schroeder_____
Karen H. Beyea-Schroeder (NJ Bar #023131997)
BURNETT LAW FIRM
3737 Buffalo Speedway Suite 1850
Houston, TX 77098
Telephone: (832) 413-4410
E-Mail: karen.schroeder@schroeder-lawoffice.com

Jory D. Lange, Jr. (*Pro Hac Vice* Pending)
ROBINS CLOUD LLP
2000 West Loop South, Suite 2200
Houston, TX 77027
Telephone: (713) 650-1200
Facsimile: (713) 650-1400
E-Mail: jlange@robinscloud.com